Beverly CARLSON, Trustee for the heirs and next-of-kin of Patricia M. Jolliff, and Beverly Carlson, individually, Respondents,

v.

HENNEPIN COUNTY d/b/a Hennepin County Medical Center, Defendant,

Scott Davies, et al., Respondents,

Hennepin Faculty Associates, Petitioner, Appellant.

No. C2-90-2060.

Supreme Court of Minnesota.

Jan. 10, 1992.

**52**

Raymond L. Tahnk–Johnson, Thomas L. Adams, and William M. Hart, Meagher & Geer, Minneapolis, for appellant.

Jeane H. Unger, Rider, Bennett, Egan & Arundel, Minneapolis, for Beverly Carlson.

Michael Miller, Hennepin County Attorney's Office, Minneapolis, for defendant.

TOMLJANOVICH, Justice.

The issue presented by this appeal is the proper application of the term "identity of interest" in relation-back cases under Minn. R.Civ.P. 15.03. The court of appeals construed the term broadly in reversing the trial court's entry of summary judgment in favor of petitioner Hennepin Faculty Associates [hereinafter HFA]. Because we believe the court of appeals was correct in finding an identity of interest in this case, we affirm and remand to the trial court.

## I.

The underlying claim in this action is for medical malpractice. On October 21, 1986, Patricia Jolliff, age 28, went to the emergency room at Hennepin County Medical Center [hereinafter HCMC] complaining of wheezing, coughing and chest pain. Jolliff was diagnosed as having asthma, but doctors also noted she suffered from obesity and hypertension and was a heavy smoker. She was admitted to the hospital, then discharged the next day with instructions to return in 10 days. She never returned and on December 5, 1986, she died of a heart attack.

On October 21, 1988, one day before the expiration of the two-year statute of limitations period for medical malpractice claims, respondent Carlson commenced this action. Pursuant to Minn.R.Civ.P. 3.01(c), she delivered to the Hennepin County Sheriff a summons and complaint to be served upon Hennepin County d/b/a HCMC. The summons and complaint were served on the Deputy County Auditor on October 24, 1988.

After that date, respondent Carlson learned that HCMC does not provide direct health-care services. Rather, HFA, a separate entity, has an exclusive contract to provide teaching, research and patient care

services at the hospital. HFA is a Minnesota nonprofit corporation whose members are the physicians who treat patients at HCMC. Respondent Carlson had no reason to know of HFA's existence or its relationship with HCMC because HFA was not mentioned on the billing documents relating to Jolliff's treatment. On November 7, 1988, after the limitations period had expired, respondent Carlson caused HFA and Dr. Scott Davies to be personally served with amended summons and complaints which added them as defendants. That was the first time HFA and Davies had actual knowledge of any lawsuit relating to Jolliff's death.

The trial court granted summary judgment for HFA and Davies, holding that the amended complaints did not relate back under Minn.R.Civ.P. 15.03 [1], so that the claims against them were barred by the two-year statute of limitations. Minn.Stat. § 541.07(1) (1990). The court of appeals affirmed as to Davies, but held that service on HFA related back under Minn.R.Civ.P. 15.03 on the grounds that HFA and HCMC shared an identity of interest. HFA appeals from that decision.

## II.

■ "On appeal from a summary judgment the reviewing court determines whether there are any genuine issues of material fact and whether the trial court erred in its application of the law." *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). In this case there is no genuine issue of material fact regarding HFA's and HCMC's relationship. But whether that relationship amounts to an identity of interest, and whether respondent Carlson satisfied the requirements of Minn.R.Civ.P. 15.03 to have her amended complaint against HFA relate back are questions of law, subject to de novo review

by this court. *See Donovan v. Dixon*, 261 Minn. 455, 460, 113 N.W.2d 432, 435 (1962).

■ We must decide whether the trial court erred in holding that Minn.R.Civ.P. 15.03 did not permit respondent Carlson's amended complaint against HFA to relate back. As a preliminary matter, we reject petitioner's argument that the words "changing the party" in Rule 15.03 refer only to substituting a party. In *Grothe v. Shaffer*, 305 Minn. 17, 232 N.W.2d 227 (1975), we said Rule 15.03 would allow a complaint to be amended to add a plaintiff after the limitations period. While it is true that different concerns are raised by adding a defendant, we are loathe to create a situation in which "changing" means "adding" in one context and "substituting" in another. We believe the plain meaning of "changing" is broad enough to encompass adding or substituting.

Turning then to the application of Rule 15.03 to the facts of this case, we must decide whether the trial court erred in holding that the requirements of the rule were not satisfied, thus barring a relation back of respondent Carlson's lawsuit against HFA. "Statutes of limitation eliminate stale claims, grant repose to liability that otherwise would linger on indefinitely, and permit the judicial system to husband its limited resources." *Johnson v. Soo Line R. Co.*, 463 N.W.2d 894, 896 (1990). "Even so, there are occasions when [pleading] mistakes will happen that in fairness deserve a relaxation of the time-bar." *Id.* The two-year limitations period for medical malpractice actions accrues upon termination of treatment. *Grondahl v. Bulluck*, 318 N.W.2d 240 (Minn.1982). In this case, it is undisputed that (1) the cause of action accrued on October 22, 1986; (2) service of process for defendant HCMC was delivered to the sheriff on October 21,

**1.** Minn.R.Civ.P. 15.03 provides: Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

1988, and served on HCMC on October 24, 1988; (3) service of an amended complaint on appellant HFA occurred on November 7, 1988; and (4) HFA did not have actual knowledge of the lawsuit until being served. Under these facts, the action against HFA is barred by the statute of limitations unless the amended complaint relates back to the date of delivery of papers to the sheriff for service on HCMC.

The rules on amending pleadings are "intended to be liberally construed so that cases are decided on the merits." *Fore v. Crop Hail Management*, 270 N.W.2d 13, 14 (Minn.1978) (citation omitted). In analyzing whether an amendment relates back, this court has broken Rule 15.03 into four components:

> "Minn.R.Civ.P. 15.03 allows a relation-back amendment where (1) the claim against the intended defendant arises out of the conduct or occurrence alleged in the original pleading; (2) the party to be added has received such notice of the institution of the action that he will not be prejudiced; (3) the intended party knows or should have known the action against the wrong party was a mistake and that the action was meant to be brought against him; and (4) such notice and knowledge [were] received by the intended defendant within the period provided by law for commencing the action against him."

*Soo Line*, 463 N.W.2d at 896. Following is an application of that four-part test to the present case:

### 1. Same conduct or occurrence

There is no obstacle here to relation back. The conduct/occurrence at issue is identical in the original and amended pleadings.

### 2. Prejudice to later party

Obviously, HFA will be "prejudiced" if it has to defend this lawsuit, but the type of "prejudice" contemplated by the rule is more than inconvenience. For relation-back to occur, the added party must receive such notice that "the party will not be prejudiced in maintaining a de-

fense on the merits." Minn.R.Civ.P. 15.-03(1). In this case, the fact that HFA received notice of the lawsuit after the limitations period does not, by itself, prejudice its ability to defend the case on the merits. There is no indication that witnesses' memories faded or health-care records were discarded during the 16 days from October 22 to November 7, 1988. In sum, it does not appear that HFA would be prejudiced in its ability to present a defense on the merits.

### 3. Knowledge of plaintiff's mistake

Respondent Carlson's mistake here was failing to name HFA as a defendant. It is undisputed that HFA did not have actual knowledge of respondent Carlson's lawsuit until receiving service on November 7, 1988, 16 days after the limitations period had expired. If HFA had timely knowledge of respondent Carlson's mistake, it can only be because HFA and HCMC share an identity of interest, so that HFA is charged with constructive knowledge at the time of service upon HCMC.

We have stated that parent and subsidiary corporations can share an identity of interest. *See Buysse v. Baumann–Furrie & Co.*, 448 N.W.2d 865 (Minn.1989), cited in *Soo Line*. But we never have said an identity of interest can exist *only* between related corporations. The form of the entities is not decisive; the nature of the relationship is. As we said last year, two entities have an identity of interest when they "share such an intimacy in their business operations and organization that service on one imputes notice to the other." *Soo Line*, 463 N.W.2d at 897. An identity of interest also can result from the "confusing facts or circumstances about the two corporate entities that might reasonably mislead the plaintiff to name the wrong defendant." *Id.* Those definitions, stated in *Soo Line* and relied on by the court of appeals, correctly express the law.

Applying that law to the present case, it is apparent that an identity of interest exists between HFA and HCMC under either measure mentioned above. HCMC is a government agency, not a corporation.

But as we said, an entity's form is not decisive. HFA and HCMC share an intimacy in their business operations because while HCMC has kept its name on the hospital doors, it has turned over health-care procedures and decisions to HFA, lock, stock and scalpel. This is not merely a landlord-tenant relationship. Not only is HFA the exclusive tenant, but HFA uses HCMC's name in its dealings with the public. That arrangement also creates an identity of interest because of its potential for confusing a plaintiff. If a sick person goes to HCMC, gets a bill from HCMC and is directed to pay HCMC, it is reasonable for that person to believe that he or she had been dealing with HCMC, not a separate entity whose existence is not revealed to the patient.

The trial court erred when it concluded that HFA and HCMC could not share an identity of interest because they are legally distinct entities. That is an incorrect application of the law, which the court of appeals correctly reversed. When the proper standard is applied, it is plain that HFA and HCMC share an identity of interest. But that does not end our analysis. For even with an identity of interest, the amended complaint served on HFA is valid only if it relates back to before the limitations period expired. That brings us to the fourth part of our test.

### 4. Timeliness of notice

 The intended defendant must have notice of the lawsuit and knowledge of the plaintiff's pleading mistake "within the period provided by law for commencing the action against him." Minn.R.Civ.P. 15.03. The notice required is of the lawsuit, not the underlying incident. *Id.* at 898, n. 3. The "period provided by law" is more difficult to define, particularly when a plaintiff uses Minn.R.Civ.P. 3.01(c).

 Under Rule 3.01(c), an action is commenced when the summons and complaint are delivered to the county sheriff, who then has 60 days to serve them. As a result of the grace period, it is possible for a plaintiff to commence an action on the final day of the limitations period and for the defendant to hear nothing of it until 60 days later. The lateness of notice does not invalidate the lawsuit, so long as the action is commenced within the limitations period.

In analyzing a relation-back question in *Soo Line*, we said the "period provided by law" in Rule 15.03 is the "period allowed by the applicable statute of limitations, and it does not include the grace period of Rule 3.01(c)." *Id.* at 898. That was a slight oversimplification. It is true that defendants brought into a lawsuit by amended complaint are subject to jurisdiction only if they have notice and knowledge of the original pleading mistake within the limitations period. But if an action is timely commenced under Rule 3.01(c), the originally named defendant is responsible for any information of a pleading mistake contained in the suit papers, even if service within the 60–day grace period occurs beyond the limitations period. *Id.* That distinction is crucial in the present case.

We analyzed *Soo Line* as a misnomer case. Such a case arises when the plaintiff misidentifies the intended defendant in the summons and complaint. For example, *see Nelson v. Glenwood Hills Hospitals*, 240 Minn. 505, 62 N.W.2d 73 (1953) (plaintiff sued corporation that previously operated hospital), and *Lange v. Johnson*, 295 Minn. 320, 204 N.W.2d 205 (1973) (plaintiff sued individual instead of corporate entity). By the time the plaintiffs in those cases amended their complaints to name the correct defendants, the limitations period had expired. But in both cases, the person who originally received service was an officer or director of the intended defendant, so that the intended defendant had notice of the lawsuit within the limitations period. As a result, it was fair to hold the intended defendant responsible for answering the amended complaints.

In *Soo Line*, the plaintiff used Rule 3.01(c) in commencing an action against the wrong railroad. By the time he learned of his mistake, the limitations period had expired but the sheriff had not yet served the original defendant. The plaintiff delivered an amended summons and complaint to the sheriff, which were served on the intended

defendant after the limitations period had expired but during the 60–day grace period. We flatly rejected plaintiff's argument that service was timely because the grace period had not expired:

> "If plaintiff's argument were to be accepted, a plaintiff could pick some person's name out of a hat (anybody would do), designate that person as defendant in the original pleadings, and then take up to 60 days to settle on who of several known candidates should really be the defendant. Statutes of limitation may not be stretched so cavalierly."

*Soo Line,* 463 N.W.2d at 899. We recognize that one effect of Rule 3.01(c) is that if a plaintiff commences an action on the final day of the limitations period, a defendant may not know s/he is being sued until 60 days after the limitations period has expired. No doubt, this delay works a hardship on some defendants, but that is the price of maintaining the option of service by sheriff. However, we are unwilling to see such a burden shifted onto a defendant who is neither sued nor notified during the limitations period.

The touchstone of our analysis is notice. As we said in *Soo Line:* "[T]he kind of pleading mistake which satisfies Rule 15.03 does, in fact, timely bring home to the intended defendant notice and knowledge of the pleading mistake, much the same as if the intended defendant had been properly named." *Id.* at 899. Accordingly, we held that Rule 15.03 allows an amended complaint to relate back only if the intended defendant knows of the plaintiff's pleading mistake within the limitations period. That is the law in a misnomer case. For an identity of interest case, a slightly different rule applies.

■ When two entities share an identity of interest, Rule 15.03 allows relation back if the intended defendant learns of the pleading mistake within the limitations period or the period between delivery to the sheriff and actual service if service is accomplished under Rule 3.01(c). The reason is obvious. In the typical misnomer case, the named defendant and the intended defendant are completely separate and do not

share an intimacy of business operations and organization. It would unfairly extend the limitations period to allow an untimely amended complaint to proceed against one entity based on notice to another.

■ No such unfairness exists if the entities share an identity of interest. There, the intimate relationship between the entities creates a situation where notice to one is, for all practical purposes, notice to both. Under Rule 3.01(c), if a plaintiff's delivery of papers to the sheriff is timely, the action is valid even if the sheriff doesn't actually serve them until 60 days later. Since the action is valid against the named defendant, there is no reason why it should not be valid against any entity sharing an identity of interest with the named defendant. When two entities share an intimacy of operations and organization, or act in such a way as to perpetuate confusion about their identities, it is fair to attribute one's knowledge to the other. Today, we so hold.

■ Applying that rule to the facts before us, we find that service on HCMC under Rule 3.01(c) provided HFA with timely notice of respondent Carlson's lawsuit and pleading mistake. By choosing to operate as they have, HFA and HCMC have assumed an identity of interest. As a result, when the sheriff served HCMC, HFA was constructively served at the same time. Although service on HCMC occurred after the limitations period had expired, the action was timely commenced pursuant to Rule 3.01(c). Because the action was valid as to HCMC, it is valid as to HFA. Accordingly, HFA received notice of the present action within the period provided by law.

Having satisfied all four parts of the relation-back test under Minn.R.Civ.P. 15.-03, respondent Carlson may proceed with her amended complaint against HFA. We so hold.

### III.

In reaching this conclusion, we know that we are at odds with the United States Supreme Court's analysis of Fed.R.Civ.P. 15(c), the federal equivalent of Minn.

R.Civ.P. 15.03, in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). "When our rules of practice are modeled after the federal rules, federal cases are helpful and instructive but not necessarily controlling on how we will interpret our state counterpart." *Soo Line*, 463 N.W.2d at 899, n. 7. We consider *Schiavone* too restrictive and contrary to our approach in applying rules of pleading. "This court has long been committed to the principle that technical or formal defects which do not affect substantial rights and which could not have misled or prejudiced the adverse party should be disregarded." *Buysse*, 448 N.W.2d at 871 (citation omitted).

Accordingly, we affirm the court of appeals and remand this case to the trial court for proceedings in conformance with this opinion.

Affirmed.

SIMONETT and COYNE, JJ., took no part in the consideration or decision of this case.