**Robert MEEKER, et al., Appellants,**

v.

**IDS PROPERTY CASUALTY INSURANCE COMPANY, Respondent.**

No. A13–1302.

Court of Appeals of Minnesota.

April 21, 2014.

Review Granted June 25, 2014.

E. Curtis Roeder, Roeder Smith Jadin, PLLC, Bloomington, MN, for appellants.

Randall E. Gottschalk, Gottschalk Law, PLLC, Maple Grove, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge; HUDSON, Judge; and STAUBER, Judge.

## OPINION

PETERSON, Judge.

Appellants challenge the summary judgment dismissing their property-damage claim against respondent insurer, arguing that the district court erred by determining that respondent was not effectively served by substitute service under Minn. Stat. § 45.028, subd. 2, before the limitations period in their policy expired. We reverse and remand.

## FACTS

Appellants Robert and Jacqueline Meeker filed a claim with respondent IDS Property and Casualty Insurance Company, alleging that their home was damaged during a June 17, 2010 storm. Respondent denied appellants' claim, and, after additional review, respondent denied the claim a second time. Appellants' insurance policy stated that any lawsuit challenging a denial of a claim had to be brought within two years after the loss, in this case by June 17, 2012.

It is undisputed that, because respondent is a nonresident or foreign insurance company that conducts business in Minnesota, appellants were authorized to begin an action against respondent by the service of process on the Minnesota Commissioner of Commerce under Minn.Stat. § 45.028, subd. 2. Minn.Stat. § 60A. 19, subd. 4 (2012). To comply with section 45.028, subdivision 2, appellants, on June 13, 2012, sent copies of a summons and complaint by certified mail to the Minnesota Commissioner of Commerce and to respondent. On June 28, 2012, appellants signed an affidavit of compliance, which described service of the complaint by certified mail, and, on June 29, 2012, they filed the affidavit in the district court.

Respondent moved for summary judgment, alleging that, because the affidavit of compliance was not filed until after the two-year limitations period ended, appellants failed to begin their suit within the limitations period. The district court agreed and granted summary judgment to respondent, solely on the basis that service of process under Minn.Stat. § 45.028, subd. 2, is not effective until all of the requirements of the statute are satisfied, and appellants did not satisfy all of the requirements until June 29, 2012, which was after the two-year limitations period expired. This appeal followed.

## ISSUE

Was substituted service under Minn. Stat. § 45.028, subd. 2, ineffective when copies of the summons and complaint were sent by certified mail to the Minnesota Commissioner of Commerce and to respondent before the policy limitations period expired and the plaintiff's affidavit of compliance was filed before the return day

of the process but after the limitations period expired?

## ANALYSIS

▮▮▮ Effective service of process initiates a court's personal jurisdiction over a defendant. *Mercer v. Andersen,* 715 N.W.2d 114, 118 (Minn.App.2006). Limitation questions are separate from the issues of subject-matter and personal jurisdiction, but jurisdiction and limitations go hand-in-hand; if a complaint is served beyond the limitations period, a party has no right to pursue a claim, and service of an expired claim is insufficient to grant a court personal jurisdiction over a defendant. *Id.* at 119–20.

▮▮ We review questions involving the sufficiency and effectiveness of service of process as a question of law. *301 Clifton Place L.L.C. v. 301 Clifton Place Condo. Ass'n,* 783 N.W.2d 551, 562 (Minn.App. 2010). Construction of a statute is also a legal question, which we review de novo. *State v. Barrientos,* 837 N.W.2d 294, 298 (Minn.2013).

> Our goal when interpreting statutory provisions is to ascertain and effectuate the intention of the legislature. If the meaning of a statute is unambiguous, we interpret the statute's text according to its plain language. If a statute is ambiguous, we apply other canons of construction to discern the legislature's intent.

*Brua v. Minn. Joint Underwriting Ass'n,* 778 N.W.2d 294, 300 (Minn.2010) (quotation and citations omitted); *see also* Minn. Stat. § 645.16 (2012) ("When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit."). "In construing the statutes of this state, ... words and phrases are construed according to rules of grammar and according to their common and approved usage" unless doing so "would involve a construction inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute." Minn.Stat. § 645.08(1) (2012).

▮ Minn.Stat. § 45.028, subd. 2, states:

> Service of process under this section may be made by leaving a copy of the process in the office of the commissioner, or by sending a copy of the process to the commissioner by certified mail, and is not effective unless: (1) the plaintiff, who may be the commissioner in an action or proceeding instituted by the commissioner, sends notice of the service and a copy of the process by certified mail to the defendant or respondent at the last known address; and (2) the plaintiff's affidavit of compliance is filed in the action or proceeding on or before the return day of the process, if any, or within further time as the court allows.

The district court found, and respondent acknowledges, that appellants performed all three acts required under the statute: they sent the commissioner a copy of the complaint and summons by certified mail, they sent respondent notice of service on the commissioner and a copy of the process by certified mail, and they filed a certificate of compliance before the return day of the process.[1] But the district court

---

1. "Return day of process" is not defined by the statute, but Minn. R. Civ. P. 12.01 provides that a defendant must serve an answer to a complaint within 20 days after service of the summons. "Process" is "[a] summons or writ ... to appear or respond in court." *Black's Law Dictionary* 1325 (9th ed.2009). The parties agree that the return day of process was 20 days after the summons and complaint were sent to the commissioner (plus three days under Minn. R. Civ. P. 6.05 because the summons and complaint were

concluded that, because appellants filed the affidavit of compliance after the two-year limitations period expired on June 17, 2012, service was not effective.[2]

Appellants argue that, to obtain effective service of process under the statute, they were not required to file the affidavit of compliance before the two-year limitations period expired. We agree that, under the plain language of the statute, appellants were only required to file the affidavit on or before the return day of the process.

Minn.Stat. § 45.028, subd. 2, begins by plainly stating that "[s]ervice of process ... may be made ... by sending a copy of the process to the commissioner by certified mail." Appellants complied with this requirement and, therefore, made service of process. The parties' dispute about the meaning of the statute arises because of the next phrase in the statute, "and is not effective unless." *Id.* Respondent argues that this phrase means that service is not effective until all three requirements of the statute are satisfied. But the word in the statute is "unless," not "until."

In its common and approved usage, "until" means "[b]efore (a specified time)." *The American Heritage Dictionary of the English Language* 1901 (5th ed.2011). "Unless," however, means "[e]xcept on the condition that." *Id.* at 1896. Thus, the plain meaning of the statute is not that service is not effective before the second and third requirements in the statute are satisfied; the plain meaning is that service is not effective except on the condition that the second and third requirements in the statute are satisfied. And the only timing element in the second and third requirements in the statute is that the plaintiff's affidavit of compliance must be filed on or before the return day of the process. Appellants filed their affidavit before the return day of the process and, therefore, satisfied the conditions for effective service.

This interpretation of the statute is consistent with the Minnesota Supreme Court's interpretation of Minn. R. Civ. P. 3.01(c), which provides a method for commencing a civil action that is similar to the method provided by Minn.Stat. § 45.028, subd. 2. Rule 3.01(c) states:

A civil action is commenced against each defendant:

. . .

(c) when the summons is delivered to the sheriff in the county where the defendant resides for service; but such delivery shall be ineffectual unless within 60 days thereafter the summons is actually served on that defendant or the first publication thereof is made.

The supreme court has explained that,

[u]nder Rule 3.01(c), an action is commenced when the summons and complaint are delivered to the county sheriff, who then has 60 days to serve them.

---

served on the commissioner by mail), which means that appellants filed the affidavit of compliance before the return day of process.

2. The district court relied on two unpublished opinions of this court, which are not precedential. *See* Minn.Stat. § 480A.08, subd. 3 (2012) (stating that "[u]npublished opinions of the Court of Appeals are not precedential"). In addition to having no precedential value, we note that, in one of the unpublished decisions, this court affirmed the dismissal of the plaintiff's case for insufficient service of process because the plaintiff failed to establish that service under Minn.Stat. § 45.028, subd. 2, was permitted in the action, and, in the other decision, the plaintiff sent notice of service and a copy of the process to the defendant and filed the affidavit of compliance more than eight months after sending the process to the commissioner, which was long after the return day of process.

As a result of the grace period, it is possible for a plaintiff to commence an action on the final day of the limitations period and for the defendant to hear nothing of it until 60 days later. The lateness of notice does not invalidate the lawsuit, so long as the action is commenced within the limitations period.

*Carlson v. Hennepin Cnty.*, 479 N.W.2d 50, 55 (Minn.1992).

█ This explanation also applies to Minn.Stat. § 45.028, subd. 2. Under the statute, an action is commenced when the summons and complaint are sent to the commissioner of commerce by certified mail. The plaintiff then has until the return day of the process to send notice of the service and a copy of the process to the defendant by certified mail and file an affidavit of compliance in the district court. It is possible for the plaintiff to commence an action on the final day of the limitations period and for the defendant to hear nothing from the plaintiff until the return day of the process. But the service is effective and the lawsuit is valid, so long as the summons and complaint were sent to the commissioner within the limitations period.

We conclude that, under the plain language of Minn.Stat. § 45.028, subd. 2, the affidavit of compliance may be filed after the end of the limitations period, so long as it is filed on or before the return day of the process. We, therefore, reverse the district court's summary judgment and remand for further proceedings.

## DECISION

Because appellants filed the plaintiff's affidavit of compliance before the return day of the process, service was effective, and the district court erred in granting respondent summary judgment.

**Reversed and remanded.**