*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2292**

Gregory B. Lindwall,
Appellant,

vs.

Country Preferred Insurance Company, et al.,
Respondents.

**Filed August 25, 2014
Affirmed
Reilly, Judge**

Hennepin County District Court
File No. 27-CV-13-4061

Gregory B. Lindwall, Minneapolis, Minnesota (attorney pro se)

Randall E. Gottschalk, Gottschalk Law, PLLC, Minneapolis, Minnesota (for respondents)

Considered and decided by Chutich, Presiding Judge; Johnson, Judge; and Reilly, Judge.

# UNPUBLISHED OPINION

**REILLY**, Judge

Appellant challenges dismissal of his claims for insufficiency of service of process, arguing that the district court erred in determining that service of process was not perfected under Minn. Stat. § 45.028, subd. 2 (2012). Because appellant's claims are statutorily time-barred, we affirm the dismissal.

**FACTS**

On January 4, 2011, appellant Gregory B. Lindwall was involved in an automobile accident. At the time of the accident, appellant carried an automobile insurance policy through respondent Country Preferred Insurance Company. The policy directed that any suit or action must be commenced "within 24 months after the occurrence of the loss." The day after the accident, appellant submitted a vehicle-damage claim to respondent. The parties engaged in a protracted series of discussions regarding the proper replacement value of appellant's vehicle. In December 2012, respondent paid appellant a total of $7,367.03 for the damage to appellant's vehicle.

On January 2, 2013, appellant attempted to commence an action against respondent via substituted service pursuant to Minn. Stat. § 45.028 (2012). Because respondent is a nonresident or foreign insurance company conducting business in this state, the Minnesota Commissioner of Commerce is an authorized agent for acceptance of service of process. Appellant served a summons and complaint upon the commissioner seeking damages against respondent in the amount of $17,771.85 for outstanding damage to the vehicle, rental costs for a replacement vehicle, interest, and compensation for appellant's time. Appellant completed an affidavit of compliance on February 20 and filed the affidavit of compliance on February 28.

Respondent thereafter moved the district court for summary judgment, arguing that appellant failed to effect proper service of process under the statute. By order dated October 17, 2013, the district court determined that appellant's service was untimely and dismissed appellant's claims with prejudice. This appeal followed.

2

**D E C I S I O N**

Whether service of process is effective is a question of law subject to de novo review. *Shamrock Dev., Inc., v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008). Service of process in a manner not specifically authorized is ineffective service. *Lundgren v. Green*, 592 N.W.2d 888, 890 (Minn. App. 1999), *review denied* (Minn. July 28, 1999). To be effective, service of process "must accord strictly with statutory requirements." *Id.*

The Minnesota Commissioner of Commerce is an authorized agent for acceptance of service of process for nonresident or foreign insurance companies conducting business within this state. Minn. Stat. § 60A.19, subd. 3 (2012). "The service of process authorized by this section shall be made in compliance with section 45.028, subdivision 2." *Id.*, subd. 4 (2012). Section 45.028 provides that service is not effective unless "the plaintiff . . . sends notice of the service and a copy of the process by certified mail to the defendant or respondent at the last known address" and "the plaintiff's affidavit of compliance is filed in the action or proceeding on or before the return day of the process, if any, or within further time as the court allows." Minn. Stat. § 45.028, subd. 2.

Appellant's insurance policy provided that any legal action arising under the policy must be brought within 24 months after the occurrence of the loss. The district court determined that because the policy required damage claims to be filed within a two-year limitations period, appellant needed to effectuate service of process by January 4, 2013. The district court further determined that "[e]ven if [appellant] had filed the Affidavit of Compliance before the return day of process, his service still would not be effective unless such filing had occurred on or before January 4, 2013." The district

3

court's decision preceded the recent case of *Meeker v. IDS Prop. Cas. Ins. Co.*, 846 N.W.2d 468 (Minn. App. 2014), *review granted* (Minn. June 25, 2014), and the district court judge did not have the benefit of its analysis. Instead, the district court's decision was guided in part by two unpublished court of appeals cases, which have effectively been overruled by *Meeker*.

Our analysis in *Meeker* is dispositive of the issue presented in this case.[1] In *Meeker*, appellant-homeowners suffered property damage to their home on June 17, 2010, and initiated suit against their insurance company on June 13, 2012, under Minn. Stat. § 45.028, prior to the expiration of their limitations period on June 17, 2012. *Id*. at 469. The *Meeker* appellants signed an affidavit of compliance on June 28 and filed the affidavit with the district court on June 29. *Id*. The insurance company moved for summary judgment on the grounds that the affidavit of compliance was not filed within the two-year limitations period. *Id.* The district court agreed and dismissed the action. *Id*. The only issue on appeal was whether service was ineffective when copies of the summons and complaint were sent to the Minnesota Commissioner of Commerce and to the insurance company within the limitations period and the affidavit of compliance was filed before the return day of process but after the limitations period expired. *Id*. at 469-70. We reversed and remanded to the district court, determining that under the plain language of the statute "the affidavit of compliance may be filed after the end of the

---

[1] Respondent filed its responsive brief on April 7, 2014, prior to *Meeker*'s publication on April 21, 2014. *Meeker*, 846 N.W.2d at 468. Given that respondent's attorney also appeared before this court representing the *Meeker* respondent, a supplemental brief should have been filed under rule 128.05 alerting the court—and appellant—to this "pertinent and significant authorit[y]." Minn. R. Civ. App. P. 128.05.

limitations period, so long as it is filed on or before the return day of the process." *Id*. at 472. The return day of process was calculated as 20 days after the summons and complaint were sent to the commissioner, plus an additional 3 days under Minn. R. Civ. P. 6.05 for service by mail. *Id*. at 470-71 n.1.

Here, appellant served the summons and complaint on the commissioner on January 2, two days prior to the statutory deadline. Applying *Meeker*, appellant had 20 days within which to file the affidavit of compliance according to Minn. R. Civ. P. 12.01, plus an additional 3 days under Minn. R. Civ. P. 6.05 if the summons and complaint were served on the commissioner by mail. It is uncontested that appellant did not file the affidavit of compliance until February 28, well outside the 20-day deadline. Thus, even if the district court erred by not affording appellant an additional 20 days beyond the limitations period, appellant's arguments nevertheless fail because he waited nearly two months after serving the complaint to file his affidavit of compliance. *See Winkler v. Magnuson*, 539 N.W.2d 821, 828 (Minn. App. 1995) (holding that "summary judgment should be affirmed if it can be sustained on any ground"), *review denied* (Feb. 13, 1996). Because service of process was not perfected, the district court lacked jurisdiction and dismissal was appropriate. *Leek v. Am. Exp. Prop. Cas*., 591 N.W.2d 507, 509 (Minn. App. 1999), *review denied* (Minn. July 7, 1999).

Appellant argues that the language "return day of process" is undefined and cannot act as a bar to his suit. This argument is refuted by a plain reading of *Meeker* that the "return day of process was 20 days after the summons and complaint were sent to the commissioner," plus an additional 3 days if the summons and complaint were served on

the commissioner by mail. 846 N.W.2d at 470-71 n.1. Appellant concedes that the affidavit of compliance was not filed until February 28. Service was not perfected in compliance with Minn. Stat. § 45.028, subd. 2, and the district court properly dismissed appellant's action with prejudice.

Appellant argues that a court may grant a litigant additional time within which to file an affidavit of compliance. Minn. Stat. § 45.028, subd. 2. The district court considered appellant's argument and stated that even if it were empowered to extend the deadline, it declined to do so due to the potential for unfairness and inconsistent application. *See Wood v. Martin*, 328 N.W.2d 723, 726 (Minn. 1983) (requiring strict compliance with statutory service requirements so as to avoid "open[ing] the door to endless litigation as to what is or is not substantial compliance with the plain statutory requirements to obtain service on a nonresident defendant"). The district court did not err in rejecting appellant's argument and we will not revisit it on appeal.[2]

Appellant argues that respondent was not prejudiced by the February 28 filing. We are not persuaded by this argument. The district court correctly noted that the issue of prejudice is not relevant to the determination of whether appellant properly commenced suit. Statutes controlling substituted service are to be construed literally and require strict compliance. *Id.*; *see also Lundgren*, 592 N.W.2d at 892 ("Prejudice is not

---

[2] Appellant alleges that respondent engaged in a number of bad acts relating to the valuation of appellant's vehicle, including respondent's alleged failure to advise appellant that he could commence arbitration proceedings. The insurance policy contains a provision authorizing the insured to commence binding arbitration if the amount of the loss is $10,000 or less. Because this issue was not considered by the district court, we need not address it for the first time on appeal. *Oanes v. Allstate Ins. Co.*, 617 N.W.2d 401, 403 (Minn. 2000).

the essential factor to consider when determining sufficiency of attempted substituted service of process.").

Appellant also claims that he should have been allotted additional time within which to file suit under the proof-of-loss provision in the insurance policy. The district court rejected this argument and found that there was no evidence that a proof of loss was ever requested and, accordingly, the 24-month suit-limitations period applied. Where the contract language is unambiguous, the parties' intent should be determined based upon the plain language of the policy itself. *Metro. Sports Facilities Comm'n v. Gen. Mills, Inc.*, 470 N.W.2d 118, 123 (Minn. 1991). The insurance policy's proof-of-loss provision extends the 24-month period "by the number of days between the date the proof of loss is filed and the date the claim is denied in whole or in part." Indeed, respondent agreed with appellant that the vehicle was a total loss and therefore did not request a proof of loss. Because appellant concedes that respondent never requested a proof of loss, this provision does not apply.

**Affirmed**.