*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0442**

Amaal Mohammed Shire,
Respondent,

vs.

Minneapolis Public Housing Authority,
Appellant,
Lester L. Hall, et al.,
Respondents.

**Filed December 22, 2014
Reversed
Stauber, Judge**

Hennepin County District Court
File No. 27-CV-13-13818

P. Chinedu Nwaneri, Nwaneri Law Firm, P.L.L.C., St. Paul, Minnesota (for respondent Amaal Shire)

Carol A. Kubic, Elizabeth K. Grossman, Minneapolis Public Housing Authority, Minneapolis, Minnesota (for appellant)

Patrick C. Cronan, Cronan, Pearson, Quinlivan, P.A., Minneapolis, Minnesota (for respondents Lester Hall, et al.)

        Considered and decided by Stauber, Presiding Judge; Chutich, Judge; and Reilly, Judge.

## UNPUBLISHED OPINION

**STAUBER**, Judge

On appeal from an order denying appellant's motion to dismiss for failure to complete service within the statute of limitations, appellant argues the district court erred by finding that it shared an identity of interest with the city of Minneapolis such that service upon the city could be imputed to appellant. We agree, and, because appellant was not properly served under the Minn. R. Civ. P. 4.03(e), we reverse.

## FACTS

On July 27, 2007, respondent Amaal Mohammed Shire (Shire) claims she slipped, fell, and was injured on a wet floor in her apartment complex which is owned by appellant Minneapolis Public Housing Authority (MPHA).

On July 25, 2013, two days before the applicable six-year statute of limitations expired, *see* Minn. Stat. 541.05, subd. 1(5) (2012), Shire's summons and complaint was delivered to the sheriff with instructions to serve MPHA, in care of the Minneapolis city clerk. The sheriff served the city clerk four days later. The next day, the city clerk's office emailed the complaint to MPHA. MPHA then emailed Shire's counsel objecting to service. On August 16, 2013, after the statute of limitations expired, Shire's counsel personally served MPHA's counsel.[1]

---

[1] MPHA concedes this would have constituted proper service had it been within the statute of limitations because MPHA's board has authorized its general counsel to receive service on its behalf rather than through strict compliance with Rule 4.03(e). MPHA's service policy is not before the court.

MPHA brought a motion to dismiss for lack of service and filed an answer which raised several affirmative defenses including that: (1) the court lacked jurisdiction over MPHA; (2) Shire's claims were barred by invalid service of process; and (3) Shire's claims were barred by the statute of limitations. After a hearing, the district court denied the motion, finding that MPHA and the City of Minneapolis shared an identity of interest such that service on the city was imputed to MPHA. This appeal follows.

## D E C I S I O N

MPHA argues that the district court lacks personal jurisdiction over it because Shire failed to execute proper service within the statute of limitations. "Whether service of process was effective, and personal jurisdiction therefore exists, is a question of law that we review de novo." *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008). MPHA pleaded lack of personal jurisdiction and insufficiency of service of process as affirmative defenses in its answer and motion to dismiss. *See Rhee v. Golden Home Builders, Inc.*, 617 N.W.2d 618, 621 (Minn. App. 2000) (citations omitted); Minn. R. Civ. P. 12.02(b),(d).

It is undisputed that MPHA is a public corporation. Service upon a municipal or other public corporation is made by delivering a copy of the summons and complaint:

> (1)    To the chair of the county board or to the county auditor of a defendant county;
> (2)    To the chief executive officer or to the clerk of a defendant city, village or borough;
> (3)    To the chair of the town board or to the clerk of a defendant town;
> (4)    To any member of the board or other governing body of a defendant school district; or

3

> (5)     To any member of the board or other governing body of a defendant public board or public body not hereinabove enumerated.

Minn. R. Civ. P. 4.03(e). A public housing authority is not enumerated under parts (1)-(4) and thus falls under the "catchall" provision of (5). MPHA contends that Shire erred by directing the sheriff to serve the city clerk instead of a "member of the board or other governing body of a defendant public board or public body." *Id.* at subd. (5).

"Service of process in a manner not authorized by the rule is ineffective." *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn. 1997). To be effective, service of process "must accord strictly with statutory requirements." *Lundgren v. Green*, 592 N.W.2d 888, 890 (Minn. App. 1999) (quotation omitted), *review denied* (Minn. July 28, 1999). But "there are occasions when mistakes . . . happen that in fairness deserve a relaxation of the time-bar" to allow a correction after the statute of limitations has expired. *Johnson v. Soo Line R.R. Co.*, 463 N.W.2d 894, 896 (Minn. 1990). One such occasion is where "there is an 'identity of interest' between the parties giving the intended defendant either actual or constructive knowledge of the mistake in pleading." *Id.* The nature of the relationship between the parties, rather than the form of entities, is the decisive factor in an identity-of-interest relationship. *Carlson v. Hennepin County*, 479 N.W.2d 50, 54 (Minn. 1992). "[T]wo entities have an identity of interest when they 'share such an intimacy in their business operations and organization that service on one imputes notice to the other.'" *Id.* (quoting *Johnson*, 463 N.W.2d at 897). Where entities share an identity of interest, if an action is timely commenced on one entity through

4

delivery of the summons and complaint to the sheriff, the service of the action is imputed to the proper defendant. *Carlson*, 479 N.W.2d at 56.[2]

*Johnson* and *Carlson* provide guidance here. In *Johnson*, the plaintiff properly and timely commenced his suit by delivering the summons and complaint to the sheriff for service. 463 N.W.2d at 895. But, the day after the statute of limitations expired, the plaintiff discovered that he had sued the wrong railroad. *Id.* The plaintiff prepared a new summons and complaint and delivered it to the sheriff prior to the sheriff executing service on the originally named defendant. *Id.* The court held that there was no identity of interest between two distinct railroad companies and concluded that the amended summons and complaint did not relate back to before the expiration of the statute of limitations. *Id.* at 897.

In *Carlson*, the plaintiff delivered a summons and complaint for medical malpractice to the sheriff for service upon Hennepin County, d/b/a Hennepin County Medical Center (HCMC). 479 N.W.2d at 52. The plaintiff later learned that HCMC does not provide direct patient services and that Hennepin Faculty Associates (HFA) provides all patient care. *Id.* By the time plaintiff learned this and served HFA, the statute of limitations had expired. *Id.* at 53. It was undisputed that HFA did not have actual knowledge of the lawsuit until it received service. *Id.* at 54. The court held that HFA and HCMC had an identity-of-interest despite being separate legal identities because

---

[2] Shire argues that leniency in service should be granted because Minn. R. Civ. P. 15.03 allows relation-back of amendments and "the rules on amending pleadings are intended to be liberally construed so that cases are decided on the merits." *Carlson*, 479 N.W.2d at 54 (citation omitted). This argument fails because Shire never amended her pleadings.

HCMC had "turned over health-care procedures and decisions to HFA, lock, stock and scalpel." *Id.* at 55. HFA was the exclusive tenant and used HCMC's name in its dealings with the public. The touchstone in *Carlson* was notice: because HCMC and HFA shared an identity-of-interest when the sheriff served HCMC, HFA was constructively served at the same time. *Id.* at 56.

If MPHA and the city share an identity of interest, under *Carlson*, serving the city clerk would constitute constructive service upon MPHA because the knowledge of one could be attributed to the other. Unlike the railroads in *Johnson*, MPHA has ties to the city of Minneapolis: its full name is "Minneapolis Public Housing Authority in and for the City of Minneapolis" and it was created by city ordinance. Minneapolis, Minn. Code Ordinances §§ 420.10-.20 (1986). Its board of commissioners is appointed by the city council and the mayor, and the executive director is appointed by the board and confirmed by city council. *Id.* at §§ 420.40, .90(1) (2014). It is partially funded by the city and is statutorily mandated to submit quarterly reports to the mayor and city council. *Id.* at § 420.100 (2014).

But MPHA operates independently from the city: it has its own website, location, and letterhead; it contracts independently with vendors, hires and fires its own employees, and sues and is sued in its own name. *See, e.g., Sledge v. Minneapolis Public Housing Authority*, No. A04-2479 (Minn. App. Feb. 28, 2006). Although MPHA and the city are not wholly separate, we conclude that MPHA operates with sufficient independence that it does not share an identity of interest with the city.

6

Additionally, *Carlson* is not controlling because its facts are distinguishable: in *Carlson*, the plaintiff failed to identify the correct defendant, whereas Shire identified the correct defendant at the time of service, but contrary to rule served the city clerk instead of a MPHA board member. Unlike HCMC and HFA, which were indistinguishable to the plaintiff, Shire knew the apartment building was owned by MPHA and specifically named MPHA—and not the city—as the defendant.

Shire next argues that MPHA and the city have a parent-subsidiary relationship and that service was proper because the "[s]ubstitution of a parent corporation for its subsidiary has been characterized as [a] correction . . . which did not necessitate service on the substitute party." *Buysse v. Baumann-Furre & Co.*, 448 N.W.2d 865, 871 (Minn. 1989). But the enumerations of Rule 4.03(e) become meaningless if service on the city is allowed in place of service on a properly named defendant. *See Tullis*, 570 N.W.2d at 311 (holding that service not made in accordance with the rules of procedure is ineffective).

Further, substitute service is not permitted upon public corporations. *Obermeyer v. School Bd., Indep. Sch. Dist. No. 282*, 312 Minn. 580, 581-82, 251 N.W.2d 707, 708 (1977) (service upon wife of the schoolboard chairman was inadequate under Minn. R. Civ. P. 4.03(e)). "Unlike Rule 4.03(a), which specifically authorizes substitute service upon an individual . . . [r]ule 4.03(e) is silent with regard to substitute service." *Id.* And actual notice does not subject defendants to personal jurisdiction without substantial compliance with rule 4.03. *Thiele v. Stitch*, 425 N.W.2d 580, 584 (Minn. 1988). The actual-notice exception has only been recognized in cases where substitute service is

appropriate. *Id.* We have previously declined to extend actual notice to substitute-service cases upon public corporations and decline to do so today. *See*, *e.g., Blaine v. Anoka-Hennepin Indep. Sch. Dist. No. 11*, 498 N.W.2d 309, 314-15 (Minn. App. 1993), *review denied* (Minn. June 22, 1993) (service upon superintendent was insufficient under rule 4.03(e) even where the school board had actual notice of the lawsuit), *abrogated on other grounds by Manteuffel v. City of N. St. Paul*, 533 N.W.2d 622 (Minn. 1995). Therefore, although the city clerk emailed MPHA a copy of the complaint, this action does not remedy the improper service.

We recognize the harsh effect of this decision on Shire: her claim against MPHA will be dismissed for invalid service rather than adjudicated on the merits. But Shire bore this risk by delaying service until the eve of expiration of the statute of limitations. Rule 4.03(e) clearly dictates proper service upon public corporations. MPHA and the city of Minneapolis do not share sufficient ties to support the expansion of the identity-of-interest doctrine to include properly named defendants served through improper channels. We conclude this is not a case that necessitates a relaxation of the strict statutory requirements.

Because MPHA and the city do not share an identity of interest and substitute service is not allowed on public corporations, service upon the city clerk was improper and MPHA was not served before the statute of limitations expired. Therefore, the district court lacks personal jurisdiction over MPHA.

**Reversed.**