STATE OF MINNESOTA

IN SUPREME COURT

A13-1302

Court of Appeals                                                Anderson, J.

Robert Meeker, et al.,

                Respondents,

vs.                                                Filed: April 8 , 2015
                                                Office of Appellate Courts

IDS Property Casualty Insurance Company,

                Appellant.

_____

E. Curtis Roeder, Roeder Smith Jadin, PLLC, Bloomington, Minnesota, for respondents.

Randall E. Gottschalk, Gottschalk Law, PLLC, Saint Louis Park, Minnesota, for appellant.

S Y L L A B U S

An action is commenced under Minn. Stat. § 45.028, subd. 2 (2014), when a plaintiff makes substituted service on the Commissioner of Commerce by either sending a copy of the process by certified mail to, or leaving a copy of the process at, the Commissioner's office. To preserve the effectiveness of the service, a plaintiff must fulfill the other statutory requirements, including filing an affidavit of compliance in the district court, before the return day of the process.

Affirmed.

1

ANDERSON, Justice.

We have before us a question of statutory interpretation in which the sole issue is whether substituted service of process under Minn. Stat. § 45.028, subd. 2 (2014), is effective when a plaintiff makes service before the limitations period in an insurance policy has expired, but then files the affidavit of compliance after the period has expired. Respondents Robert and Jacqueline Meeker brought an action against appellant IDS Property Casualty Insurance Company after the insurer denied their claim for property damage. It is undisputed that the Meekers served IDS, but the district court dismissed the action as untimely because the Meekers filed the affidavit of compliance after the policy's 2-year limitations period had expired. The court of appeals reversed, concluding that filing the affidavit of compliance before the expiration of the limitations period was not required for effective substitute service. Because the plain language of section 45.028, subdivision 2, requires only that process be served on the Commissioner of Commerce to commence an action, we affirm the court of appeals.

I.

The Meekers held property insurance through IDS, and filed a claim with the insurance carrier in July 2010, alleging damage to their home as a result of a June 17, 2010, storm. IDS denied the claim in January 2011 for failure to provide appropriate documentation, and denied the claim for a second time in October 2011. The IDS insurance policy stated that any lawsuit challenging a denial of a claim "must be brought within two years after the date of loss or damage occurs." Because IDS is a nonresident

insurance company that conducts business in Minnesota, the Meekers were authorized to commence an action against IDS under the substituted-service statute, Minn. Stat. § 45.028, subd. 2, which allows the Commissioner of Commerce to accept service of process for foreign companies. Minn. Stat. § 60A.19, subds. 3-4 (2014). Section 45.028, subdivision 2, provides that service of process may be made by either mailing or leaving a copy of the process with the Commissioner, and is not effective unless the plaintiff sends notice of the service and a copy of the process to the defendant and files an affidavit of compliance with the court on or before "the return day of the process."

On June 13, 2012, 4 days before the expiration of the limitations period in the insurance policy, the Meekers sent copies of the summons and complaint by certified mail to both the Commissioner of Commerce and IDS. On June 28, the Meekers' attorney signed an affidavit of compliance attesting to service of the complaint by certified mail, and, on June 29, filed the affidavit in the district court.

IDS moved for summary judgment in March 2013, claiming that the suit was untimely because the Meekers did not file their affidavit of compliance until after the 2-year limitations period in the insurance policy had ended. The district court granted summary judgment to IDS, concluding that service of process under Minn. Stat. § 45.028, subd. 2, is not effective until all of the requirements of the statute are satisfied, including filing the affidavit of compliance with the district court. It is undisputed that the affidavit was filed outside of the 2-year limitations period.

The court of appeals reversed and remanded, holding that under the plain language of the statute the affidavit of compliance may be filed after a limitations period has

3

expired, so long as it is filed on or before the return day of process. *Meeker v. IDS Prop. Cas. Ins. Co.*, 846 N.W.2d 468, 472 (Minn. App. 2014). We granted IDS's petition for review to decide whether the Meekers' suit was untimely based on their failure to file the affidavit of compliance before the expiration of the contractual limitations period.

## II.

Whether the Meekers' service of process under Minn. Stat. § 45.028, subd. 2, was effective to commence their suit against IDS is a question of law that we review de novo. *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008). And specifically, the issue of whether, under the plain language of the statute, a plaintiff must file an affidavit of compliance within the contractual limitations period in order to obtain effective service of process presents a question of statutory interpretation, which we review de novo. *See City of Moorhead v. Red River Valley Coop. Power Ass'n*, 830 N.W.2d 32, 36 (Minn. 2013). The text of the substituted-service statute provides:

> Service of process under this section *may be made* by leaving a copy of the process in the office of the commissioner, or by sending a copy of the process to the commissioner by certified mail, and is not effective unless: (1) the plaintiff, who may be the commissioner in an action or proceeding instituted by the commissioner, sends notice of the service and a copy of the process by certified mail to the defendant or respondent at the last known address; and (2) the plaintiff's affidavit of compliance is filed in the action or proceeding on or before the return day of the process, if any, or within further time as the court allows.

Minn. Stat. § 45.028, subd. 2 (emphasis added). If the Legislature's intent is clear from the statute's plain and unambiguous language, then we interpret the statute according to its plain meaning. *State v. Rick*, 835 N.W.2d 478, 482 (Minn. 2013). When construing a statute, we "give words and phrases their plain and ordinary meaning." *Premier Bank v.*

4

*Becker Dev., LLC*, 785 N.W.2d 753, 759 (Minn. 2010) (citing Minn. Stat. § 645.08 (2008)).

There is no dispute that the Meekers performed the three acts necessary to effectuate service of process under the substituted-service statute, Minn. Stat. § 45.028, subd. 2, and there is also no dispute that they completed the last act after the limitations period in the policy had expired. That is, the Meekers sent copies of the process to the Commissioner of Commerce and to IDS before the expiration of the limitations period, but they did not file the affidavit of compliance until after the limitations period had expired. There also is no dispute, however, that the Meekers filed the affidavit before the return day of the process under the Minnesota Rules of Civil Procedure.[1] IDS argues that the Meekers were required to complete all three acts before the limitations period expired. The Meekers contend that so long as the three statutory requirements are met, the affidavit of compliance need not be filed before the limitation period ends for the substituted service to be timely.

A.

Typically, to determine if a civil action has been timely commenced, we look to Minnesota Rule of Civil Procedure 3.01, which generally provides that an action is commenced against each defendant "when the summons is served upon that defendant."

---

[1] Section 45.028 does not define the "return day of the process," but Minn. R. Civ. P. 12.01 states that a defendant must serve an answer to a complaint within 20 days after service of the summons. The parties agree that the return day of process was 23 days after sending the summons and complaint to the Commissioner, because Minn. R. Civ. P. 6.05 provides for an additional 3 days when, as here, the Meekers served the summons and complaint on the Commissioner by mail.

Minn. R. Civ. P. 3.01(a); *see also* Minn. R. Civ. P. 3.02 (providing that a copy of the complaint also must be served with the summons). We have said that "in the absence of a clear intention to the contrary . . . the ordinary rules of civil procedure apply [to a claim] unless clearly inconsistent with the statute." *In re Civil Commitment of Lonergan*, 811 N.W.2d 635, 641 (Minn. 2012) (quoting *Thunderbird Motel Corp. v. Cnty. of Hennepin*, 289 Minn. 239, 242, 183 N.W.2d 569, 571 (1971)) (alterations in original). Because Minn. Stat. § 45.028, subd. 2, does not address when an action is commenced, the ordinary rules of civil procedure apply; namely, an action is commenced when the summons and complaint are served. The statute is consistent with the Rules of Civil Procedure; the statute simply provides an alternative mechanism for how process may be served on certain out-of-state defendants.

We look to the language of the statute to determine whether the Meekers timely served IDS. The first clause of subdivision 2 states that "[s]ervice of process under this section may be *made*" by delivering or sending by certified mail a copy of the process to the Commissioner of Commerce. Minn. Stat. § 45.028, subd. 2 (emphasis added). As used in this provision, the common and approved usage of the word "made" is "[t]o cause to exist or happen." *The American Heritage Dictionary of the English Language* 1059 (5th ed. 2011). Thus, under the plain meaning of the first clause of subdivision 2, service of process exists—it has been *made*—at the point at which a plaintiff delivers or mails a copy of the process to the Commissioner of Commerce. This means that a plaintiff serving process under subdivision 2 commences litigation by providing the Commissioner of Commerce with a copy of the summons and complaint.

6

In addition, the very existence of the affidavit-of-compliance requirement assumes that an action had already been commenced by the service of process on the Commissioner. Specifically, the last clause of subdivision 2 states that a "plaintiff's affidavit of compliance *is filed* in *the action or proceeding* on or before the return day of the process." Minn. Stat. § 45.028, subd. 2 (emphasis added). If a lawsuit were not commenced through service of process, then there would be no "action or proceeding" in which to file the affidavit of compliance. In other words, the references to "is filed" and "the action or proceeding" in relation to the affidavit of compliance presuppose that an action has been commenced and that there is an existing case.

Therefore, as related to the limitations period governing a cause of action, the plain language of section 45.028, subdivision 2, provides that service of process is made, and therefore, an action is commenced, when a plaintiff sends a copy of the process to the Commissioner of Commerce by certified mail. Fulfillment of the other statutory requirements—sending notice to the defendant and filing the affidavit of compliance—is necessary only to preserve the effectiveness of the service. It is clear that service of process under section 45.028, subdivision 2, is no longer effective to commence an action if the affidavit of compliance is not filed by the return day of process, or such other period as the court allows. But, the requirement for effective service is separate from a limitations period. In other words, service of a complaint on the Commissioner is sufficient to commence an action for purposes of a limitations period, but a lawsuit can still be dismissed due to a plaintiff's failure to file an affidavit of compliance before the return day of process.

7

Here, the Meekers commenced the lawsuit when they "made" service under Minn. Stat. § 45.028, subd. 2, by sending, via certified mail, a copy of the complaint and summons to the Commissioner of Commerce 4 days before the contractual limitations period ended. Because the Meekers then sent a copy of the process to IDS and filed their affidavit before the return day of that process, they satisfied the statutory conditions for effective substitute service under Minn. Stat. § 45.028, subd. 2.[2]

B.

Our conclusion, under the plain language of Minn. Stat. § 45.028, subd. 2, that the Meekers timely filed their action against IDS is consistent with *Carlson v. Hennepin County,* 479 N.W.2d 50 (Minn. 1992), in which we analyzed a similar, although not identical, service-of-process provision. *Carlson* considered the timeliness of the commencement of a civil action under Minn. R. Civ. P. 3.01(c), which provides that a civil action is commenced when "the summons is delivered to the sheriff in the county

---

[2] The court of appeals emphasized the Legislature's use of the word "unless," rather than "until," in section 45.028, subdivision 2, in concluding that filing the affidavit of compliance before the expiration of the limitations period was not required for effective substitute service. *See Meeker*, 846 N.W.2d at 471. The plain language of the statute provides that service of process, once made, is "not effective unless" the plaintiff sends notice of the service and a copy of the process by certified mail to the defendant and files the affidavit of compliance on or before the return day of process. Minn. Stat. § 45.028, subd. 2. The district court concluded that the phrase "not effective unless" means that service is not effective *until* all three requirements of the statute are satisfied. The court of appeals determined that the word "unless" cannot be equated with the word "until," the latter of which includes a temporal component. *See Meeker*, 846 N.W.2d at 471.

We need not resolve whether the court of appeals' distinction between "unless" and "until" is dispositive, because the plain language of the statute makes clear that the Meekers commenced the litigation before the limitations period expired.

where the defendant resides for service; but such delivery *shall be ineffectual unless* within 60 days thereafter the summons is actually served on that defendant or the first publication thereof is made." Minn. R. Civ. P. 3.01(c) (emphasis added).

In *Carlson*, the issue was whether two related entities shared an identity of interest such that a complaint served on one would be effective as to the other if served before the expiration of the limitations period. 479 N.W.2d at 55-56. One day before the 2-year statute of limitations expired on a medical malpractice claim, the plaintiff "commenced [the] action" by delivering to the Hennepin County Sheriff a summons and complaint to be served upon one defendant. *Id.* at 52. The summons and complaint were served on a second defendant, a related entity, 16 days after the statute of limitations had expired. *Id.* at 53-54. Despite the fact that the service of process on the second defendant was completed only after the limitation period had ended, we determined that the plaintiff's suit was timely commenced as to the second defendant because the plaintiff had timely delivered the summons and complaint to the county sheriff before the limitations period expired, even if the remaining requirements of process under the rule were not completed before the period expired. *Id.* at 56. We imputed the service of process on one defendant to the other, holding that both "received notice of the . . . action within the period provided by law." *Id.* We stated:

> Under Rule 3.01(c), an action is commenced when the summons and complaint are delivered to the county sheriff, who then has 60 days to serve them. As a result of the grace period, it is possible for a plaintiff to commence an action on the final day of the limitations period and for the defendant to hear nothing of it until 60 days later. *The lateness of notice does not invalidate the lawsuit, so long as the action is commenced within the limitations period*.

9

*Id.* at 55 (emphasis added).

To be sure, Rule 3.01(c) and Minn. Stat. § 45.028, subd. 2, provide for different types of service (the former allowing for the commencement of an action by delivering the complaint and summons to the county sheriff), but the provisions use nearly identical language—a negative phrasing of "effective" and use of the word "unless"—to describe the service requirements. Thus, our reasoning in *Carlson* that litigation was commenced so long as the complaint and summons were delivered to the county sheriff before the statute of limitations ended, applies with equal force to the delivery of process to the Commissioner under Minn. Stat. § 45.028, subd. 2. *See* 479 N.W. 2d at 56; *see also Johnson v. Soo Line R.R. Co.*, 463 N.W.2d 894, 898 (Minn. 1990) (describing Rule 3.01(c) as "plainly [stating that] the action is *commenced* when the summons is *delivered* to the sheriff of the proper county for service, not when the sheriff subsequently serves the papers"). We have determined that delivery to the defendant within the grace period "is necessary to preserve the effectiveness of the delivery date as the date of commencement of the action." *Johnson*, 463 N.W.2d at 898. Just as a lawsuit brought under Rule 3.01(c) does not become untimely if the sheriff serves the summons and complaint during the 60-day grace period, but after the limitations period has expired, a lawsuit does not become untimely under Minn. Stat. § 45.028, subd 2, when the affidavit of compliance is filed after the end of the limitations period, but on or before the return day of process.

10

## IV.

We therefore hold that an action is commenced under Minn. Stat. § 45.028, subd. 2, when a plaintiff leaves a copy of the process in the office of the Commissioner of Commerce or sends a copy of the process to the Commissioner by certified mail. The service is effective so long as a copy of the process is sent to the defendant and the plaintiff's affidavit of compliance is filed in the action on or before the return day of process. Because the Meekers filed the affidavit of compliance before the return day of the process, the service of process was effective, and the Meekers' suit is not barred by the 2-year limitations period in the IDS insurance policy.

Affirmed.