# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A25-0089

Shawn Drewicke, et al.,
Respondents,

vs.

State Farm Fire and Casualty Company,
Appellant.

**Filed August 4, 2025**
**Affirmed**
**Bentley, Judge**

Traverse County District Court
File No. 78-CV-24-98

Daniel E. Hintz, Eastlund Hutchinson Ltd., Savage, Minnesota (for respondents)

Scott G. Williams, Lindsey Streicher, HAWS-KM, P.A., St. Paul, Minnesota (for appellant)

Considered and decided by Larson, Presiding Judge; Larkin, Judge; and Bentley, Judge.

## SYLLABUS

1.      Under Minnesota Statutes section 45.028, subdivision 2 (2024), which requires a plaintiff commencing an action under the substituted-service statute to file an affidavit of compliance "on or before the return day of the process, if any, or within further time as the court allows," a district court may extend the time to file the affidavit beyond the return day of the process.

2.      We review a challenge to the district court's decision to allow further time to file an affidavit of compliance for an abuse of discretion.

**OPINION**

**BENTLEY**, Judge

The issue on appeal in this insurance-coverage dispute is whether the plaintiffs properly commenced the action under the substituted-service statute, Minnesota Statutes section 45.028 (2024). To effect service of process under that provision, a plaintiff must file an affidavit of compliance meeting the provision's requirements "on or before the return day of the process, if any, or within further time as the court allows." Minn. Stat. § 45.028, subd. 2. Plaintiff-respondents Shawn and Ruth Drewicke did not file an affidavit on or before the return day of the process, but the district court allowed them further time to file one beyond that date. Defendant-appellant State Farm Fire and Casualty Company maintains that the statute does not authorize a district court to extend the filing deadline beyond the return date of the process and, alternatively, that the district court abused its discretion in granting an extension here.

We conclude that the district court acted within its authority in both respects. The plain language of the substituted-service statute allows a district court to extend the time to file an affidavit of compliance beyond the return day of the process. And the district court did not abuse its discretion in allowing the Drewickes further time under the circumstances of this case. We therefore affirm.

**FACTS**

The Drewickes' home and personal property was damaged in a fire in June 2022. They promptly submitted a homeowners' insurance claim to State Farm, and a dispute arose regarding the amount of coverage available under their policy. The Drewickes

2

retained an attorney who commenced a lawsuit under the substituted-service statute. *See* Minn. Stat. § 45.028. Under the statute, service of process is made by mailing or leaving a copy of the process with the commissioner of commerce. *Id.*, subd. 2. But service is not effective unless the plaintiff also mails notice of the service and a copy of the process to the defendant's "last known address" and files an affidavit of compliance "in the action or proceeding on or before the return day of the process, if any, or within further time as the court allows." *Id.*

On June 13, 2024, the Drewickes left a copy of the complaint with the commissioner of commerce. The Drewickes also mailed a notice of service and a copy of the process to State Farm at the address of its registered agent for service of process.[1] But they did not file an affidavit of compliance in district court on or before the return date of the process—July 8, 2024. State Farm served its answer on the Drewickes on July 2, 2024, and filed it ten days later.

On July 15, 2024, State Farm moved to dismiss on the basis that the district court lacked personal jurisdiction because the Drewickes' service of process was ineffective. State Farm contended that the Drewickes did not properly commence their lawsuit because they did not timely file an affidavit of compliance. The Drewickes filed an affidavit of compliance the next day. Additionally, the Drewickes' attorney filed an affidavit opposing State Farm's motion, explaining that his mother died recently so he was behind on his cases

---

[1] State Farm argued to the district court that the registered agent's address is not its "last known address" under the substituted-service statute. *See* Minn. Stat. § 45.028, subd. 2. The district court rejected that argument and State Farm does not challenge that ruling on appeal.

and "not at [his] best due to [his] emotional state." The attorney failed to file the affidavit of compliance on or before the return day because of a "miscommunication with office staff," which he attributed to "the fallout from [his] mother's passing." He asked the district court to permit the Drewickes additional time to file the affidavit of compliance.

Following a motion hearing, the district court denied State Farm's motion to dismiss. The district court determined that "[a]dditional time for the filing of the affidavit of compliance may be authorized . . . and is appropriate in this instance." The district court determined that "[d]ismissal of the claim [was] inappropriate" because State Farm was not prejudiced and "service was made timely and in good faith."

State Farm appeals.

## ISSUES

1.      Does Minnesota Statutes section 45.028, subdivision 2, permit a district court to allow a plaintiff further time to file an affidavit of compliance beyond the return day of the process?

2.      Did the district court abuse its discretion in allowing the Drewickes further time to file an affidavit of compliance?

## ANALYSIS

State Farm argues that the district court did not have the authority to allow the Drewickes to file their affidavit of compliance after the return day of the process had passed. If the district court had such authority, State Farm alternatively contends that the district court abused its discretion in granting the Drewickes additional time. The

4

Drewickes maintain that the district court properly exercised its discretion and appropriately denied State Farm's motion to dismiss.

We first address whether the substituted-service statute permits the district court to grant further time to file an affidavit of compliance beyond the return day of the process. Because we conclude that it does, we next consider whether the district court abused its discretion in doing so.

**I**

The meaning of the substituted-service statute and the effectiveness of service based on undisputed facts are questions of law that we review de novo. *St. Matthews Church of God & Christ v. State Farm Fire & Cas. Co.*, 981 N.W.2d 760, 764 (Minn. 2022) (statutory interpretation); *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008) (service). If service is not authorized by a rule or statute, it is ineffective. *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn. 1997). A district court may dismiss an action for lack of personal jurisdiction if service of process was ineffective. *Landgren v. Pipestone Cnty. Bd. of Comm'rs*, 633 N.W.2d 875, 879 (Minn. App. 2001); *see also* Minn. R. Civ. P. 12.02(b), (d).

The substituted-service statute "provides an alternative mechanism for how process may be served on certain out-of-state defendants." *Meeker v. IDS Prop. Cas. Ins. Co.*, 862 N.W.2d 43, 47 (Minn. 2015) (citing Minn. Stat. § 45.028, subd. 2 (2014)). Under the statute, a plaintiff commences the action by delivering or mailing a copy of the process to the commissioner of commerce. Minn. Stat. § 45.028, subd. 2. But service of process

5

> is not effective unless: (1) the plaintiff . . . sends notice of the service and a copy of the process by certified mail to the defendant or respondent at the last known address; and (2) the plaintiff's affidavit of compliance is filed in the action or proceeding on or before the return day of the process, if any, or within further time as the court allows.

*Id.* The "return day of the process" is 24 days after the service of the summons, because a defendant must serve an answer within 21 days after service of the summons, Minn. R. Civ. P. 12.01, and a defendant has 3 additional days to answer when the summons and complaint are served by mail, *see* Minn. R. Civ. P. 6.01(e); *see also Black's Law Dictionary* 498 (12th ed. 2024) (defining "return day" as "[a] day on which a defendant must file an answer").[2] The parties agree that the Drewickes did not file the affidavit of compliance before the return day of the process. Therefore, service was effective only if the statute permitted the district court to allow the Drewickes further time to file the affidavit.

We conclude that the plain language of the substituted-service statute unambiguously permits a district court to allow further time to file an affidavit of compliance. The statute establishes two possible deadlines by which a plaintiff must file

---

[2] The parties rely on caselaw describing the "return day of process" as 23 days after the service of the summons on the commissioner. *E.g.*, *Meeker*, 862 N.W.2d at 46 n.1 (noting parties' agreement that the return day is 23 days after mailing the summons and complaint to the commissioner). But that caselaw predates the 2020 amendment to Minn. R. Civ. P. 12.01, which changed the deadline to file an answer from 20 days to 21 days. Accordingly, the "return day of the process" is now 24 days after the service of the summons upon the commissioner. However, the district court still correctly calculated the return day of the process as Monday, July 8, 2024, because both the 23rd and the 24th days after the commissioner was served with the process fell on a weekend. *See* Minn. R. Civ. P. 6.01(a)(1)(C) (providing that when the last day of a period stated in days falls on a Saturday or Sunday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

6

the affidavit of compliance: "[1] on or before the return day of process, if any, *or* [2] within *further* time as the court allows." Minn. Stat. § 45.028, subd. 2 (emphasis added). The word "further" is defined as "[m]ore distant in degree, time, or space" or "additional." *The American Heritage Dictionary of the English Language* 713 (5th ed. 2018). Thus, "further time as the court allows" is additional time after the return day of the process. It follows that, if the plaintiff does not file the affidavit of compliance "on or before the return day of the process, if any," then the plaintiff must file "within further time as the court allows." Minn. Stat. § 45.028, subd. 2.

To persuade us otherwise, State Farm makes three arguments. None convince us that the district court erred.

First, State Farm argues that a plaintiff must be in "strict compliance" with service-of-process statutes and that strict compliance here means that the affidavit of compliance must be filed on or before the return day of the process. State Farm cites our caselaw holding that other service statutes require "strict compliance, not merely substantial compliance." *Koski v. Johnson*, 837 N.W.2d 739, 744 (Minn. App. 2013) (discussing eviction-summons statute, Minn. Stat. § 504B.331 (2012)), *rev. denied* (Minn. Dec. 17, 2013); *see also, e.g.*, *Wood v. Martin*, 328 N.W.2d 723, 726 (Minn. 1983) (discussing nonresident-motorist statute, Minn. Stat. § 170.55 (1980)). But State Farm cites no caselaw interpreting a statute that allows a district court to extend a service-related deadline. And, in any event, the concept of "strict compliance" means only that service must carefully comply with the provisions of a service statute or rule. *See, e.g.*, *Wood*, 328 N.W.2d at 726 ("[T]here has not been strict compliance with the statute as required by our case law."). For

7

example, in *Koski*, we considered whether service of process was proper under a statute that required "the plaintiff or the plaintiff's attorney" to file an affidavit stating that the defendant cannot be found and that a copy of the summons has been mailed to the defendant's last known address. 837 N.W.2d at 742-43 (quoting Minn. Stat. § 504B.331(d) (2012)). We held that the plaintiff did not strictly comply with the statutory procedure because the affidavit stating the defendant could not be found was signed by a nonparty sheriff, not by the plaintiff or plaintiff's attorney; and neither the plaintiff nor plaintiff's attorney had mailed the summons to the defendant's last-known address. *Id.* at 743. Instead, the sheriff left it in a "conspicuous place" on the defendant's residence. *Id.* By contrast here, the substituted-service statute permits a plaintiff to file an affidavit of compliance within further time as the court allows. Minn. Stat. § 45.028, subd. 2. That means that an affidavit filed within that time *is* in strict compliance with the statute. State Farm's strict-compliance argument is therefore not persuasive.

Second, State Farm relies on the words, "if any," to argue that a plaintiff may be allowed further time only if "there is no prescribed return day of the process." But that interpretation effectively rewrites the statute to require a plaintiff to file an affidavit of compliance "on or before the return day of the process *or, if there is no prescribed return day of the process*, within such time as the court allows." That contravenes the principle that courts "do not, and cannot, add to a statute words intentionally or inadvertently omitted by the Legislature." *Linn v. BCBSM, Inc.*, 905 N.W.2d 497, 503 (Minn. 2018) (quotations omitted). As written, the statute's use of the disjunctive "or" makes clear that there are two alternative deadlines by which a plaintiff may file the affidavit of compliance: (1) the return

8

day of the process, if any, *or* (2) within further time as the court allows. *See In re PolyMet Mining Inc.*, 991 N.W.2d 867, 873 (Minn. 2023) ("The word 'or' is a disjunctive and ordinarily refers to different things as alternatives." (quotation omitted)).[3]

Third, State Farm argues that, even if the district court has the authority to extend the deadline beyond the return day of the process, it may exercise that authority only if the request for further time is made proactively—that is, before the return day of the process. Otherwise, State Farm argues, the return day of the process deadline would be "meaningless." But courts often have authority to extend deadlines when a request is made after a deadline has passed. *See, e.g.*, Minn. R. Civ. App. P. 126.02 (permitting "an act to be done after the expiration of that time if the failure to act was excusable under the circumstances"); Minn. R. Civ. P. 6.02 (permitting a district court to extend a missed deadline for "excusable neglect"). And nothing in the substituted-service statute prohibits a request for further time after the return day of the process has passed. Moreover, a district court "has the power to determine whether it has jurisdiction," even though "a court's authority over an ineffectively served defendant may be circumscribed." *Mercer v. Andersen*, 715 N.W.2d 114, 118 (Minn. App. 2006). Here, the statute expressly gives the district court the power to consider a request to allow further time for a plaintiff to make

---

[3] State Farm suggests that the "if any" language refers to certain administrative proceedings "in which service of documents plays a role but for which there may not be a 'return day of process.'" We are not persuaded that a district court's statutory authority to grant further time is limited to that circumstance; and we note that State Farm has not offered a concrete example of any such administrative proceeding. Of course, if there is no return day of the process, the only statutory deadline is that which is established by the court. But if there is a return day of the process, either deadline may apply.

9

service effective by filing an affidavit of compliance after the return day of the process. Minn. Stat. § 45.028, subd. 2. If the district court denies a request for further time and the affidavit was not filed by the return day of the process, service would not be effective, and any further exercise of jurisdiction would be improper. On the other hand, if the district court grants that request and permits the filing of the affidavit in accordance with section 45.028, subdivision 2, the plaintiff will have complied with the statute and properly effected service.

In sum, we conclude that under Minnesota Statutes section 45.028, subdivision 2, a district court may extend the time to file the affidavit of compliance beyond the return day of the process, even if the plaintiff requests further time after the return day of the process has passed.

## II

Having established that the district court had authority to grant the Drewickes further time to file the affidavit of compliance, we now address State Farm's argument that it did not properly exercise that authority. State Farm argues that the district court considered improper factors, such as good faith, actual notice, and lack of prejudice. Applying a standard that allows the district court to consider those factors, according to State Farm, is "not workable" and contrary to the strict-compliance standard that applies to other service statutes. State Farm further argues that there were no "extraordinary" or "extenuating" circumstances that warranted the grant of further time here.

We begin by considering the standard of review that applies to a district court's decision to allow further time under section 45.028, subdivision 2, which presents a

question of first impression for this court. The relevant statutory language simply provides that an affidavit of compliance may be filed "within further time as the court allows." Minn. Stat. § 45.028, subd. 2. This broad language reflects a legislative intent to permit a district court the discretion to determine whether allowing further time is appropriate. *Cf. State v. Tenerelli*, 598 N.W.2d 668, 672 (Minn. 1999) (holding that "broad language" of a statute permitting a district court to award restitution "clearly and unambiguously leaves the decision . . . to the discretion of the trial court, subject to review of an abuse of its discretion"). And appellate courts typically review a district court's decision to allow a continuance for an abuse of discretion. *E.g.*, *State v. Letourneau*, 6 N.W.3d 73, 77 (Minn. 2024) (continuance of criminal trial); *Broehm v. Mayo Clinic Rochester*, 690 N.W.2d 721, 727 (Minn. 2005) (continuance of deadline to provide an affidavit of expert review); *Coller v. Guardian Angels Roman Catholic Church of Chaska*, 294 N.W.2d 712, 715 (Minn. 1980) (continuance under Minn. R. Civ. P. 6.02). We therefore conclude that we apply the abuse-of-discretion standard of review when analyzing a district court's decision to grant further time under the substituted-service statute. "A district court abuses its discretion when it acts under a misapprehension of the law or when its factual findings are clearly erroneous." *Gams v. Houghton*, 884 N.W.2d 611, 620 (Minn. 2016) (citations and quotations omitted).

Applying this standard, we are not persuaded that the district court abused its discretion. The substituted-service statute does not require the district court to determine that "extraordinary" or "extenuating" circumstances warranted the grant of further time. Nor does the statute prohibit a district court from considering notions of good faith, actual

11

notice, and lack of prejudice, as the district court did here. Those considerations may be relevant to a district court's decision to determine whether to extend a deadline. *See Anderson v. Rengachary*, 608 N.W.2d 843, 850 (Minn. 2000) (holding that, in deciding whether to grant a post-deadline extension of an expert-review affidavit, a district court must consider "due diligence" and "substantial prejudice," among other things). Because the district court had broad discretion to consider whether to grant further time, and it did not misapprehend the law or make erroneous factual findings in doing so, we discern no abuse of discretion.

## DECISION

We hold that Minnesota Statutes section 45.028, subdivision 2, authorizes the district court to allow further time to file an affidavit of compliance after the return day of the process. The Drewickes complied with the statute by filing their affidavit of compliance within the further time the court allowed.

We also hold that we review a district court's decision to allow further time to file an affidavit of compliance for an abuse of discretion. The district court did not abuse its discretion in granting the Drewickes further time to file their affidavit of compliance, even though it considered whether the Drewickes missed the deadline in good faith and whether State Farm was prejudiced by the delay.

**Affirmed.**

12