# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A24-2030

J. Moore L.L.C.,
Appellant,

vs.

State Farm Fire and Casualty Company,
Respondent.

**Filed October 6, 2025**
**Reversed and remanded**
**Connolly, Judge**

Hennepin County District Court
File No. 27-CV-24-9289

Mihajlo Babovic, Greenstein Sellers PLLC, Minneapolis, Minnesota (for appellant)

Scott G. Williams, Lindsey A. Streicher, HAWS-KM, P.A., St. Paul, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Schmidt, Judge; and Florey, Judge.[*]

## SYLLABUS

Substitute service on a foreign insurance company is permitted under Minnesota Statutes section 45.028, subdivision 1(c) (2024), when the foreign insurance company appoints the Minnesota Commissioner of Commerce for service of process pursuant to Minnesota Statutes section 60A.19, subdivision 3, or section 60A.21, subdivision 2(1)

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

(2024). It is not necessary to specifically plead section 45.028, subdivision 1(c), in the complaint.

## OPINION

**CONNOLLY**, Judge

This appeal concerns what a plaintiff is required to do when serving a foreign insurance company using substitute service under Minnesota Statutes section 45.028 (2024). The district court held that appellant is required to allege the basis for serving the commissioner of commerce in its complaint and, because it did not do so, concluded that there was insufficient service of process. We reverse and remand.

## FACTS

Appellant J. Moore L.L.C., a Minnesota company, purchased an insurance policy from respondent State Farm Fire and Casualty Company, an Illinois insurance company, that covered damage to property located in Minneapolis caused by, among other things, wind and hail. The district court found and the parties do not dispute that the policy contained a two-year suit limitation period, stating that no action would be brought against State Farm unless there has been compliance with the policy provisions and the action is started within two years after the occurrence causing loss or damage. On June 11, 2022, Moore's property was damaged by wind and hail. Moore sought coverage under the policy. Over the following two years, both parties disputed the amount of coverage under the policy. On June 11, 2024, exactly two years after the property damage occurred, Moore filed a complaint and asserted two claims: breach of contract and declaratory judgment.

2

Moore served the summons and complaint on State Farm through substitute service on the Minnesota Commissioner of Commerce (the commissioner) under Minnesota Statutes section 45.028. It did not specifically mention the statute, or any other statutes permitting service on the commissioner, in its complaint. According to the "affidavit of compliance of Minn. Stat. § 45.028," Moore served a copy of the summons and complaint on State Farm and separately on the commissioner via U.S. certified mail on June 11, 2024.

In July 2024, State Farm filed and served its answer, and in August 2024, State Farm brought a motion to dismiss the complaint, arguing that service was ineffective under section 45.028. State Farm argued that (1) Moore did not allege that it engaged in conduct prohibited or made actionable by the statutes enumerated in section 45.028, and (2) Moore's claim was consequently "time-barred by the policy contract."

In opposition to State Farm's motion to dismiss, Moore argued that service was effective because State Farm agreed to substitute service of process on the commissioner under Minnesota Statutes section 60A.19, subdivision 3. And because Minnesota Statute section 45.028, subdivision 1(c), provides that substitute service is applicable "in all cases in which service of process is allowed to be made on the commissioner," Moore asserted that its service was proper.

In September 2024, the district court heard arguments on the motion to dismiss. The district court granted the motion on the basis that Moore failed to specifically allege the reason service upon the commissioner is permitted in its complaint.

Moore appeals.

3

**ISSUE**

**Did the district court erroneously construe Minnesota Statutes section 45.028, subdivision 1(c), to require Moore to specifically plead the reason service of process is allowed to be made on the commissioner in its complaint?**

**ANALYSIS**

Moore argues that the district court erroneously interpreted section 45.028, subdivision 1(c), to require it to plead the specific reason why service on the commissioner was permitted. Moore contends that substitute service on the commissioner was proper because State Farm, a foreign insurance company, appointed the commissioner as its attorney for service of process under Minnesota Statutes sections 60A.19 or 60A.21 (2024). We agree.

We review the sufficiency of a plaintiff's service of process under the Minnesota Statutes de novo. *Meeker v. IDS Prop. Cas. Ins. Co.*, 862 N.W.2d 43, 45 (Minn. 2015). Similarly, we review questions of statutory interpretation de novo. *Id.* at 46. "The goal of all statutory interpretation 'is to ascertain and effectuate the intention of the legislature.'" *State by Smart Growth Minneapolis v. City of Minneapolis*, 954 N.W.2d 584, 590 (Minn. 2021) (quoting Minn. Stat. § 645.16 (2020)).

We begin with the rules governing service of process. "Service of process must accord strictly with statutory requirements." *Lundgren v. Green*, 592 N.W.2d 888, 890 (Minn. App. 1999) (quotation omitted), *rev. denied* (Minn. July 28, 1999). Under rule 4.03(c), a plaintiff may serve a corporation "by delivering a copy [of the summons] to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons." Minn. R. Civ. P. 4.03(c).

4

A plaintiff may also serve a defendant, including a company, through substitute service on the commissioner in three circumstances. *See* Minn. Stat. § 45.028, subd. 1. First, substitute service is permitted when the defendant has engaged in prohibited conduct based on statutes enumerated in subdivision 1(a), the defendant has not consented to service of process, and the action is based on that conduct and brought under those statutes. *Id.*, subd. 1(a). Second, it is allowed in all other cases under the statutes enumerated in subdivision 1(b)[1] when the defendant has filed a consent to service of process. *Id.*, subd. 1(b). And third, substitute service is permitted "in all cases in which service of process is allowed to be made on the commissioner." *Id.*, subd. 1(c). Moore relies on the third mechanism—subdivision 1(c)—in arguing that his service on the commissioner was proper. In doing so, Moore points to Minnesota Statutes sections 60A.19 and 60A.21 as the underlying statutory bases permitting such service. We agree.

Section 60A.19 governs foreign insurance companies. Minn. Stat. § 60A.19, subdivision 3 of that section requires a foreign insurance company, before it is "admitted to or authorized to transact the business of insurance" in Minnesota, to "appoint the commissioner and successors in office its true and lawful attorney, upon whom proofs of loss, any notice authorized or required by any contract with the company to be served on it, summonses and all lawful processes in any action or legal proceeding against it may be served." *Id.*, subd. 3; *see also Krebsbach v. State Farm Fire & Cas. Co.*, No. 24-CV-2241, 2024 WL 5201587, at *2 (D. Minn. Dec. 23, 2024) ("Because State Farm is an out-of-state

---

[1] The enumerated statutes in subdivisions 1(a) and 1(b) are identical. *Compare* Minn. Stat. § 45.028, subd. 1(a), *with* Minn. Stat. § 45.028, subd. 1(b).

5

insurer, Minnesota law requires it to file its consent to service on the Commissioner.").[2]

Moreover, even if a foreign insurance company fails to file its appointment of the commissioner for service, that entity is deemed, by operation of law, to have consented to service on the commissioner whenever it transacts insurance business in Minnesota. Minn. Stat. § 60A.21, subd. 2(1); *see Krebsbach*, 2024 WL 5201587, at *2. And sections 60A.19 and 60A.21 both provide that service of process as authorized under those sections shall be made "in compliance with section 45.028, subdivision 2." Minn. Stat. §§ 60A.19, subd. 4, .21, subd. 2(2).

Turning to section 45.028, subdivision 2, the plaintiff must complete three steps in order for service to be effective: (1) leave a copy of the process in the office of the commissioner, or send it by certified mail; (2) send notice of service and a copy of the process by certified mail to the defendant at its last known address; and (3) file the affidavit of compliance "on or before the return day of the process." Minn. Stat. § 45.028, subd. 2. There is no dispute that Moore met these requirements.

Moore's substitute service of process on the commissioner—made in compliance with section 45.028, subdivision 2—was effective. There is no dispute that State Farm is a foreign insurance company which transacted business in Minnesota by issuing the policy to Moore.[3] As such, State Farm was required to appoint the commissioner as its service

---

[2] "Though they do not bind us, we consider federal court opinions for their persuasive value and afford those opinions due deference." *Laliberte v. Dollar Tree, Inc.*, 987 N.W.2d 590, 594 n.4 (Minn. App. 2023) (quotation omitted).

[3] These facts were drawn from the complaint and answer, and while they sufficiently establish that the commissioner was appointed in this case, we acknowledge that it is not necessary that the facts be established in this manner.

6

agent. Minn. Stat. § 60A.19, subds. 3–4. State Farm does not contend that it did not appoint the commissioner as required. But, even if that were the case, the commissioner would then have been appointed by operation of law. Minn. Stat. § 60A.21, subd. 2(1)-(2). Accordingly, it is clear that "service of process is allowed to be made on the commissioner" in this case. Minn. Stat. § 45.028, subd. 1(c). The district court erred by granting State Farm's motion to dismiss.

As Moore points out, the only applicable precedential case recognized that a plaintiff may use substitute service on a foreign insurance company conducting business in Minnesota. *Meeker*, 862 N.W.2d at 45 ("Because IDS is a nonresident insurance company that conducts business in Minnesota, the Meekers were authorized to commence an action against IDS under the substituted-service statute, Minn. Stat. § 45.028, subd. 2, which allows the Commissioner of Commerce to accept service of process for foreign companies.").

Moreover, we recently addressed a similar issue in *Lehnertz v. RAM Mutual Insurance Co.*, No. A24-0251, 2024 WL 4260269, at *2–4 (Minn. App. Sept. 23, 2024).[4] There, and like Moore, the appellant asserted two claims—one for common law breach of contract and one for declaratory judgment under Minnesota Statutes section 555.02 (2022). *Id.* at *3. Narrowly construing the statutory language of subdivision 1(a), we held that the appellant could not use substitute service because he did not allege a statutory violation

---

[4] Because nonprecedential opinions of this court are not binding authority, we cite *Lehnertz* for its persuasive value only. *See* Minn. R. Civ. App. P. 136.01, subd. 1(c) ("Nonprecedential opinions . . . are not binding authority . . . but nonprecedential opinions may be cited as persuasive authority.")

7

under any of the enumerated statutes under section 45.028, subdivision 1(a). *Id.* The key difference here, however, is that Moore relies on other statutes in addition to Minnesota Statutes section 45.028, whereas the appellant in *Lehnertz* did not. *Id.* at \*2 n.1 ("[The appellant] did not attempt substitute service in reliance on any statute other than Minnesota Statutes section 45.028. For example, [the appellant] did not rely on Minnesota Statutes section 60A.19 (2022), which requires that foreign insurers appoint the commissioner as their attorney, upon whom all lawful processes in any action or legal proceeding against the foreign insurers may be served." (quotation omitted)).

To support its argument, State Farm relies on *Egge v. Depositors Insurance Co.*, where we upheld the district court's dismissal of the appellant's complaint for insufficient service of process because the appellant "failed to include the necessary jurisdictional statements to effect process" under section 45.028, subdivision 1(a). No. A07-150, 2007 WL 2703137, at \*1–2 (Minn. App. Sept. 18, 2007), *rev. denied* (Minn. Nov. 13, 2007). However, we did not discuss section 45.028, subdivision 1(c), or service on the commissioner under section 60A.19, section 60A.21, or any other statute that permits service of process on the commissioner. *See id.*

State Farm also cites to other nonbinding authority to further its argument. *See Sec. Life Ins. Co. of Am. v. Sw. Reinsure, Inc.*, No. 11–1358, 2013 WL 500362, at \*8–9 (D. Minn. Feb. 11, 2013) (stating that plaintiff's complaint did not "allege any relevant statutory violations, so the attempted service through the Department of Commerce was ineffective" under section 45.028, subdivision 1(a)); *Oprenchak v. Am. Fam. Mut. Ins. Co.*, No. 11–cv–00425, 2012 WL 1247216, at \*10–11 (D. Minn. Mar. 26, 2012) (stating that

plaintiff's action "must be based on conduct prohibited by *and* brought under the [enumerated] chapters" in section 45.028, subdivision 1(a), but dismissing complaint on other grounds, including that the requirements of subdivision 2 were not met); *Wandersee v. RAM Mut. Ins. Co.*, No. A21-1060, 2022 WL 589461, at *2 (Minn. App. Feb. 28, 2022) (stating that section 45.028, subdivision 1(a), requires "the complaint to allege the defendant engaged in conduct prohibited or made actionable by" Minnesota law (quotation omitted)). However, each of these cases is distinguishable. In *Southwest Reinsure*, *Oprenchak*, and *Wandersee*, the courts analyzed only section 45.028, subdivision 1(a), in concluding that the plaintiffs had to allege conduct prohibited or made actionable by the enumerated statutes—they did not discuss subdivision 1(c). *Sw. Reinsure*, 2013 WL 500362, at *8–9; *Oprenchak*, 2012 WL 1247216, at *10–11; *Wandersee*, 2022 WL 589461, at *2–3.

To convince us otherwise, State Farm contends that Moore's reading of section 45.028 would render subdivisions 1(a) and 1(b) meaningless. It claims that, so long as a defendant is a foreign insurance company, subdivisions 1(a) and 1(b) of section 45.028 would not be utilized. We disagree.

To begin, subdivisions 1(a) and 1(b) of section 45.028, do not apply solely to foreign insurance companies; in fact, the statutes enumerated in those subdivisions includes a wide range of industries. For example, Minnesota Statutes chapters 46–59 cover banking, Minn. Stat. §§ 46.01–58B.10 (2024); chapters 80A.40–.91 cover the regulation of securities, Minn. Stat. §§ 80A.40–.91 (2024); chapters 82-83 cover real estate sales regulations, Minn. Stat. §§ 82.55–83.45 (2024); chapter 155A covers cosmetology, Minn. Stat. §§ 155A.20–

9

.36 (2024); and chapter 309 covers social and charitable organizations, Minn. Stat. §§ 309.50–.77 (2024). Thus, contrary to State Farm's assertions, subdivision 1(c) does not swallow subdivisions 1(a) and 1(b) simply because the defendant is a foreign insurance company. Moreover, by embracing State Farm's interpretation of subdivisions 1(a) and 1(b), we would actually render subdivision 1(c)—along with other statutes such as sections 60A.19, subdivision 4, and 60A.21, subdivision 2(2)—meaningless. As sections 60A.19 and 60A.21 make clear, service of process may be made on the commissioner as provided in section 45.028, subdivision 2. Minn. Stat. §§ 60A.19, subd. 4, .21, subd. 2(2).

State Farm lastly asks us to "reject [Moore's] call to infer jurisdictional facts are established." State Farm contends that we must infer from Moore's complaint that he is relying on sections 60A.19 and 60A.21 in support of his claim that he is entitled to substitute service under section 45.028, subdivision 1(c). Again, we are not persuaded.

As noted earlier, the federal district court in *Krebsbach* held that, under section 45.028, subdivision 1(c), the "law requires that a plaintiff *have* a basis for effecting service under section 45.028, but nothing in the relevant statutes or rules requires that the defendant's consent—or the legal authority requiring (or creating) that consent—be *pleaded*." 2024 WL 5201587, at *2. We agree. Nothing in section 45.028, subdivision 1(c), requires Moore to plead in its complaint that State Farm appointed the commissioner as its agent for service.[5] Moreover, State Farm provides no authority, and we are aware of

---

[5] Even if State Farm did not file its consent to appoint the commissioner as its attorney in fact, "State Farm is nevertheless deemed, by operation of law, to have consented to service on the Commissioner whenever it transacts insurance business in [Minnesota]." *Krebsbach*, 2024 WL 5201587, at *2; *see also* Minn. Stat. § 60A.21, subd. 2(1).

none, which would generally require a party to plead how it intends to effect service of process—something that occurs *after* the complaint is drafted.[6]  The statutory framework of sections 60A.19 and 60A.21 requires that a foreign insurance company appoint the commissioner to receive service of process in certain circumstances, such that it may be served in compliance with section 45.028, subdivision 2.  Minn. Stat. §§ 60A.19, subds. 3–4, .21, subd. 2(1)-(2).  The undisputed facts establish a basis to do so here, and we discern no reason why that basis would need to be alleged in the complaint.

In sum, Moore was able to use substitute service of process under section 45.028, subdivision 1(c), because service may be made on the commissioner who State Farm appointed under sections 60A.19, subdivision 3, or 60A.21, subdivision 2(1)-(2).  Accordingly, the district court erred by granting State Farm's motion to dismiss Moore's complaint.  And because Moore complied with the requirements of section 45.028, subdivision 2, by timely delivering a copy of the summons and complaint by certified mail to State Farm and the commissioner, and by filing an affidavit of compliance, the contractual limitations period for commencing the suit did not expire before the suit was commenced.  *See Meeker*, 862 N.W.2d at 47 ("[S]ervice of process is made, and therefore,

---

[6] We agree that whether a particular method of service of process is permitted may turn on allegations in the complaint in certain circumstances.  For example, because substitute service is allowed under section 45.028, subdivision 1(a), only for conduct prohibited by particular statutes, and actions brought under those statutes, the allegations in the complaint will impact whether substitute service is allowed.  But where, as here, the question is only whether "service of process is allowed to be made on the commissioner," Minn. Stat. § 45.028, subd. 1(c), we see no reason why the answer would turn on the allegations in the complaint.

an action is commenced, when a plaintiff sends a copy of the process to the Commissioner of Commerce by certified mail.").

## DECISION

Because the commissioner was appointed as State Farm's lawful attorney for service of process under sections 60A.19, subdivision 3, or 60A.21, subdivision 2(1), Moore was permitted to complete substitute service of process on State Farm by serving the commissioner in compliance with section 45.028, subdivision 2, without having to expressly plead section 45.028, subdivision 1(c), in its complaint.

**Reversed and remanded.**